determination of the Authority are not supported by any substantial evidence as required by section 1296 of the Civil Practice Act. The determination, therefore, should be annulled and the proceedings should be dismissed. (*Matter of Konopka,* v. *Bruckman,* 290 N. Y. 777; *People* v. *Rankin,* 92 Misc. 62, 75.) (Proceeding to review the determination of the State Liquor Authority which revoked petitioners' restaurant liquor license.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of EDNA M. CLARK, Petitioner, against JOHN F. O'CONNELL et al., Individually and as Members Constituting the State Liquor Authority, Respondents.— Determination confirmed, with ten dollars costs and disbursements. All concur. (Proceeding to review the determination of the State Liquor Authority which canceled petitioner's hotel liquor license.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

JENNIE JACKSON, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and orders affirmed, with costs. All concur. (The judgment is for plaintiff in a negligence action. The orders deny defendant's motions for a directed verdict and for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

WILLIAM JACKSON, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and orders affirmed, with costs. All concur. (The judgment is for plaintiff in a negligence action. The orders deny defendant's motions for a directed verdict and for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

EVANGELINE G. MAYER, Appellant, v. JOHN P. MAYER, Respondent.— Judgment so far as appealed from reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff granting a separation on the ground of abandonment, with costs. New finding of fact made. All concur. (The portion of the judgment appealed from dismisses the complaint on the merits, in an action for separation.) Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ.

SYRACUSE SAVINGS BANK, Respondent, v. YORKSHIRE INSURANCE COMPANY, LTD., Appellant, et al., Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: Authorities on insurance and the courts of many of our sister States are divided on the question whether the mortgagee is concluded by the award of appraisers appointed by the company and the owner without notice to or the consent of the mortgagee. In *Beaver Falls B. & L. A., Aplnt.,* v. *Fire Ins. Co.* (305 Penn. St. 290) the Supreme Court of Pennsylvania held that the mortgagee under a standard mortgagee clause was not concluded by an appraisal had and an award made without its knowledge or .consent. In *Dragon* v. *Automobile Ins. Co. of Hartford* (265 Mass. 440) the Supreme Judicial Court of Massachusetts held that the mortgagee was bound by such an appraisal and award. Since no fraud is claimed by the plaintiff, we think the Massachusetts decision states the correct rule under the policy in suit here. The J. D. Taylor Construction Corporation, selected by Blumberg, was not a competent appraiser. The power of acting as an appraiser cannot be conferred on a corporation even by consent. (*Davis* v. *Rochester Can Company,* 220 App. Div. 487, 489, affd. 247 N. Y. 521.) The fact that the appraisal may be void does not destroy its potency as a defense if the defendant can prove on the trial that the award was for the full amount of the loss and damage suffered and that payment of the amount awarded was duly tendered to the plaintiff prior to the commencement of the action. All concur. (The order